Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4237 | **DATE** | 12/20/2001 |
| **CASE TITLE** | Lichtermann vs. Unum Life Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☒ Status set for 5/15/02 at 11:00am.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court denies Unum's motion to dismiss the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 26 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 01 DEC 21 AM 10:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```


DOCKETED
DEC 2 6 2001

HARVEY LICHTERMAN,            )
                              )
        Plaintiff,            )
                              )
    v.                        )   01 C 4237
                              )   Judge George M. Marovich
UNUM LIFE INSURANCE COMPANY   )
OF AMERICA,                   )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Harvey Lichterman ("Lichterman") filed a Complaint against Unum Life Insurance Company of America ("Unum") for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), intentional interference with contract (Count IV), intentional infliction of emotional distress (Count V) and fraud (Count VI). Unum has moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Unum's motion to dismiss is denied.

### BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). In 1998, while a partner in the law firm of Lord, Bissell & Brook ("Lord Bissell"), Lichterman submitted to Unum a claim for disability under a group insurance policy issued to Lord Bissell by Unum. Unum accepted this claim and in response sent Lichterman a letter



stating that they were sending him a check for $14,922.36 covering a period of disability from November 9 to December 8 of 1998. Lichterman received this check as well as nine other checks in the same amount covering a period of disability through September 8, 1999. Lichterman remained disabled from September 9, 1999 through November 8, 2000. Unum, however, refused to make any more disability payments to Lichterman after September 8, 1999. Lichterman claims that "[u]nder the terms of Unum's policy, so long as Lichterman remained disabled pursuant to the definition of 'disabled' as contained in the Policy, Unum was contractually obligated to continue to pay monthly disability payments to Lichterman for the period September 9, 1999 through November 8, 2000." (Compl. ¶7)

## DISCUSSION

I. <u>Standard for a Motion to Dismiss</u>

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. <u>Wilson v. Formigoni</u>, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle it to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the

essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988).

II. ERISA Preemption

Section 502(a)(1)(B) provides that "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. A claim brought by an ERISA participant is within the scope of § 502(a)(1)(B), as an action to "enforce his rights under the terms of the plan," and thus completely preempted, if the claim rests upon the terms of the ERISA plan or its resolution requires construing the plan." Rice v. Panchal, 65 F.3d 637, 644-45 (7th Cir. 1995). A participant is "any employee or former employee . . . who is or may become eligible to receive a benefit." 29 U.S.C. § 1002(7). This definition has been interpreted by the Supreme Court to include "former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989). Therefore, "standing is available to any former employee who has a colorable claim to benefits which the employer promised to provide pursuant to the employment relationship and which a non-frivolous argument suggests have accrued to the employee's benefit." Panaras v. Liquid Carbonic Inds. Corp., 74 F.3d 786, 791 (7th Cir. 1996).

Here, Lichterman claims that the benefits he received through Unum's group insurance plan while he was employed at Lord Bissell should not have been terminated on September 8, 1999, but should have continued through the duration of his disability, November 8, 2000. Lichterman's sole argument that his claims should not be governed by ERISA is that, as a former employee, he lacks standing under the statute as a participant or beneficiary. This Court finds that pursuant to the governing law in this Circuit, it is clear that Lichterman, who is a former employee with a colorable claim for benefits under the group insurance plan provided to Lord Bissell by Unum, is clearly a participant in an ERISA-governed plan. See Id. Thus, Lichterman's state court claims are completely preempted by ERISA.

The fact that Lichterman's claims are couched in state-law terms and are preempted by ERISA, does not require this Court to dismiss his claims. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). "Instead of asking whether the complaint points to the appropriate statue, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." Id. Unum's only argument that Lichterman's Complaint should not be preserved is that Lichterman plead his claims as state-law claims. Since that is not a sufficient basis for dismissing claims and since this Court finds

that Lichterman has sufficiently pled facts to support a claim to recover benefits under ERISA, Lichterman's Complaint survives.

## CONCLUSION

For the reasons set forth above, the Court denies Unum's motion to dismiss the Complaint.

ENTER:

George M. Marovich
United States District Judge

DATED: December 20, 2001